ZULMA STEFFENS, promovente y apelada, *v.* SUCESIÓN DE MIGUEL SOLER, opositora y apelante.

No. 3931.—*Visto:* Junio 14, 1926. *Resuelto:* Julio 6, 1926.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR EL CASO—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—ESPECIFICACIÓN DE LA SENTENCIA CONTRA LA CUAL SE APELA.—No puede decirse que un escrito de apelación contiene un error clerical y eleva la sentencia, cuando en ningún sitio en dicho escrito se identifica la actuación final de la corte como una "sentencia" o se hace referencia a ella por su fecha, y cuando la referencia que se hace es a una actuación interlocutoria anterior de la corte llamada específicamente la "orden de febrero 19 de 1926."

2. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NECESIDAD DE QUE LA DECISIÓN SEA FINAL—RESOLUCIONES INTERLOCUTORIAS—EXPEDIENTES DE DOMINIO.—No procede una apelación de una resolución interlocutoria en un expediente de dominio.

MOCIÓN sobre desestimación de apelación presentada por la apelada. *Con lugar.*

*Besosa & Besosa,* abogados de los apelantes; *Angel A. Vázquez,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Debe desestimarse la apelación en este caso. En un procedimiento para obtener el título de dominio, la Corte de Distrito de Mayagüez el 19 de febrero de 1926 expidió una orden en la cual dijo que la ley y los hechos estaban a favor de la demandante y en contra de los opositores; que la oposición de la Sucesión de Miguel Soler debía ser desestimada, imponiéndole las costas a los opositores. La corte además ordenó que se diera traslado del expediente al fiscal para que este funcionario dictaminara. El día 2 de marzo de 1926 el fiscal rindió su dictamen, diciendo que no tenía objeción alguna que hacer a que la corte declarara con lugar el título de dominio.

Con fecha 8 de marzo de 1926 la corte dictó una opinión en la cual declaró en efecto que la Sucesión opositora no había justificado en manera alguna su título de propiedad y que la promovente había probado los hechos alegados en su expediente. Por tanto, la corte ordenó que se registrara una sentencia, con costas a la mencionada Sucesión. De conformidad, el mismo día 8 de marzo de 1926 una sentencia final fué debidamente registrada por el Secretario de la Corte de Distrito de Mayagüez.

En los autos del caso aparece entonces el siguiente escrito de apelación:

"Comparece la Sucesión de Miguel Soler, opositora en este pleito, por sus abogados Besosa & Besosa 'ante esta Hon. Corte y respetuosamente notifica a la misma que apela que apela para ante la Corte Suprema de Puerto Rico de la orden dictada en este caso con fecha 19 de febrero de 1926."

La promovente presenta una moción solicitando que se desestime la apelación por la sencilla razón fundamental de que los autos no demuestran que se ha apelado de la única sentencia dictada en este caso.

La Sucesión apelante se opone alegando que el escrito de apelación contiene un error clerical.

[1, 2] Si uno examina el escrito de apelación verá que aparece específicamente que no se apeló de ninguna sentencia, sino de la orden de febrero 19 de 1926. El escrito de apelación no se refiere a ninguna actuación de la corte de 8 de marzo. Si la apelación se hubiese referido a una "sentencia" o hubiera mencionado la fecha correcta de la actuación de la corte, entonces se podría quizás alegar que se cometió un error clerical. Pero tal como fué redactado, el escrito de apelación no identifica la sentencia de la corte inferior. Aparece más positivamente que la intención clara fué de apelar de la orden interlocutoria de febrero 19 de 1926. Da color a la idea de que se apeló de la orden interlocutoria el hecho de que la misma orden demostraba una resolución de la corte contra los apelantes. No obstante, no se registró ninguna sentencia final hasta el día 8 de marzo de 1926.

Como en esta clase de procedimientos se puede apelar únicamente de una sentencia final, *debe declararse con lugar la moción y desestimarse la apelación.*

El Juez Presidente Señor Del Toro no intervino en la resolución del caso.